ORIGINAL

FILED

SEP 9 2013

U.S. COURT OF FEDERAL CLAIMS

No. 13-464C
(Judge Wolski)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

---

AARON G. FILLER,
Plaintiff,

v.

THE UNITED STATES,
Defendant.

---

# DEFENDANT'S MOTION TO DISMISS *PRO SE* COMPLAINT

---

STUART F. DELERY
Assistant Attorney General

JEANNE E. DAVIDSON
Director

FRANKLIN E. WHITE, JR.
Assistant Director

DANIEL G. KIM
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, DC 20044

Attorneys for Defendant

OF COUNSEL:

MICHAEL BOGOMOLNY
Office of General Counsel
U.S. Department of Commerce
1401 Constitution Avenue NW
Washington, DC 20230

September 9, 2013

## TABLE OF CONTENTS

Page

DEFENDANT'S MOTION TO DISMISS *PRO SE* COMPLAINT ..... 1

QUESTIONS PRESENTED ..... 1

STATEMENT OF FACTS ..... 2

1. Alleged Taking ..... 2

2. Related Disputes And Litigation ..... 4

ARGUMENT ..... 5

I. Dr. Filler's Amended Complaint Should Be Dismissed For Lack Of Jurisdiction ..... 5

A. RCFC 12(b)(1) Standard Of Review ..... 5

B. Dr. Filler Fails To Articulate Any Claim Within This Court's Jurisdiction ..... 6

II. Dr. Filler's Amended Complaint Should Be Dismissed, Because It Fails To State A Claim Entitling Dr. Filler To Relief ..... 9

A. RCFC 12(b)(6) Standard Of Review ..... 9

B. Dr. Filler's Takings Claim Fails, As A Matter Of Law, Because Dr. Filler Holds No Valid Property Interest In His Medical License ..... 10

CONCLUSION ..... 13

APPENDIX

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

## CASES

Page(s)

*Agee v. United States*,
72 Fed. Cl. 284 (2006) .......... 11 n.11

*Am. Pelagic Fishing Co. v. United States*,
49 Fed. Cl. 36 (2001), *rev'd on other grounds*, 379 F.3d 1363 (Fed. Cir. 2004) .......... 11

*Ashcroft v. Iqbal*,
129 S. Ct. 1937 (2009) .......... 9

*Barnes v. United States*,
538 F.2d 865 (Ct. Cl. 1976) .......... 8

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007) .......... 9

*Blaze Constr., Inc. v. United States*,
27 Fed. Cl. 646 (1993) .......... 9

*Brown v. Strickler*,
422 F.2d 1000 (6th Cir. 1970) .......... 6

*Brown v. United States*,
105 F.3d 621 (Fed. Cir. 1997) .......... 5, 7

*Chapman Law Firm Co. v. Greenleaf Constr. Co.*,
490 F.3d 934 (Fed. Cir. 2007) .......... 6

*Gallo v. U.S. Dist. Ct.*,
349 F.3d 1169 (9th Cir. 2003) .......... 11

*Gavin v. United States*,
47 Fed. Cl. 486 (2000) .......... 9

*Gould, Inc. v. United States*,
935 F.2d 1271 (Fed. Cir. 1991) .......... 9

*Harlow v. Fitzgerald*,
457 U.S. 800 (1982) .......... 9

*Henke v. United States*,
60 F.3d 795 (Fed. Cir. 1995) .......... 6

*Indium Corp. v. Semi-Alloys, Inc.*,
781 F.2d 879 (Fed. Cir. 1985) .......... 1 n.1

*Mauras v. United States*,
82 Fed. Cl. 295 (2008) .......... 9

*McNutt v. Gen. Motors Acceptance Corp.*,
298 U.S. 178 (1936) .......... 6

*Members of Peanut Quota Holders Ass'n v. United States*,
421 F.3d 1323 (Fed. Cir. 2005) .......... 10

*Moden v. United States*,
404 F.3d 1335 (Fed. Cir. 2005) .......... 7

*Palmer v. United States*,
168 F.3d 1310 (Fed. Cir. 1999) .......... 6

*Ridge Line, Inc. v. United States*,
346 F.3d 1346 (Fed. Cir. 2003) .......... 7, 8

*Rith Energy, Inc. v. United States*,
247 F.3d 1355 (Fed. Cir. 2001) .......... 7

*Scheuer v. Rhodes*,
416 U.S. 232 (1974) .......... 9

*Shearin v. United States*,
992 F.2d 1195 (Fed. Cir. 1993) .......... 7

*Strategic Hous. Fin. Corp. v. United States*,
86 Fed. Cl. 518 (2009) .......... 6

*United States v. 760.807 Acres of Land*,
731 F.2d 1443 (9th Cir. 1984) .......... 12

*United States v. Mitchell*,
445 U.S. 535 (1980) .......... 6

*Webster v. United States*,
74 Fed. Cl. 439 (2006) .......... 10, 11, 12

*Wood v. United States*,
961 F.2d 195 (Fed. Cir. 1992) .......... 7 n.10

*Wyatt v. United States*,
271 F.3d 1090 (Fed. Cir. 2001) .......... 10

## CONSTITUTIONAL PROVISIONS

U.S. Const. amend. V .................... 10

## STATUTES AND REGULATIONS

28 U.S.C. § 1346 .................... 5, 7 n.10

28 U.S.C. § 1491 .................... 5, 7

Cal. Bus. & Prof. Code § 2227 .................... 10

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| AARON G. FILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-464C |
| | ) | (Judge Wolski) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS *PRO SE* COMPLAINT**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC), defendant, the United States, respectfully requests that the Court dismiss the amended complaint of *pro se* plaintiff, Aaron G. Filler. In support of this motion, we rely upon the amended complaint, this brief, and the attached appendix.[1]

**QUESTIONS PRESENTED**

1. Whether the Court should dismiss Dr. Filler's amended complaint for lack of subject matter jurisdiction, because Dr. Filler fails to allege a damages claim not sounding in tort, and because this Court lacks jurisdiction to entertain tort claims.

2. Whether the Court should dismiss Dr. Filler's amended complaint, because Dr. Filler fails to establish a valid, compensable property interest entitling him to compensation for an alleged taking, and thus his sole claim for inverse condemnation fails, as a matter of law.

---

[1] In deciding a RCFC 12(b)(1) motion, this Court may consider evidentiary matters outside the pleadings. *Indium Corp. v. Semi-Alloys, Inc.*, 781 F.2d 879, 884 (Fed. Cir. 1985).

## STATEMENT OF FACTS

According to his amended complaint, Dr. Filler is a neurosurgeon based in Santa Monica, California. Am. Compl. ¶ 6.[2] He alleges that he has suffered from an "inverse condemnation and taking of [the] property interest in his medical license" – through the alleged acts of Susan Walker, a biologist and regional director with the National Oceanic and Atmospheric Administration (NOAA), an agency within the Department of Commerce. *Id.* ¶ 4.

### 1. Alleged Taking

On January 31, 2011, Ms. Walker posted a comment on www.RunningForums.com, regarding an enzyme called Wydase. *Id.* ¶ 39. According to the amended complaint, Wydase has been used alongside medications that are injected into patients. *Id.* ¶ 41. In relevant part, Ms. Walker posted the following:

> Dr. Filler uses Wydase, which is a brand name of the enzyme hyaluronidase, in his piriformis injections to, in theory, break down scar tissue.
>
> Wydase is a medical preparation of highly purified bovine testicular enzyme, made previously by Wyeth Pharmaceuticals in England. Production ceased due to the possible transmission of bovine spongiform encephalitis, or mad cow disease, though there is no documentation of transmission through this route.
>
> Interestingly, Wydase is no longer manufactured and has not been manufactured in at least seven years, so I'm not sure why Filler refers to the use of Wydase, and given the remote risk of CSE[3] transmission that it poses, injecting it directly adjacent to a nerve does not seem advised.

---

[2] For purposes of this motion only, we accept as true the factual allegations set forth in Dr. Filler's amended complaint and its attachments. We respectfully reserve the right to challenge any of the facts alleged by Dr. Filler.

[3] In what appears to be a typographical error, the acronym "CSE" appears to refer instead to "BSE," or "bovine spongiform encephalitis" or "bovine spongiform encephalopathy" – *i.e.*, mad cow disease. *See* Am. Compl. ¶¶ 39, 49.

*Id.* ¶ 49; *see* Plaintiff's Exhibits (Pl. Ex.) at 337.[4] Ms. Walker posted this comment under the username "sueinjuneau," and she signed the comment simply as "Sue." *Id.* In previous postings (dating back to one year earlier), Ms. Walker allegedly identified herself as a "marine biologist" and as an individual who had completed graduate coursework in statistics. Am. Compl. ¶¶ 109-110. That said, Dr. Filler does not allege that Ms. Walker ever identified herself as a Federal Government official in the January 31, 2011 posting, or in other postings.

Ms. Walker allegedly used the January 31, 2011 posting to "explain[ ] that [Wydase] is *likely* contaminated with the BSE agent." *Id.* ¶ 39 (emphasis added). Dr. Filler alleges that that posting contains multiple factual errors[5] and "suggest[s] that this reflected a pattern on behalf of Dr. Filler of injecting numerous individuals with this universally lethal agent." *Id.* Also, based apparently upon that posting, Dr. Filler alleges that Ms. Walker "asserts knowing [about] intentional injection[s] by Dr. Filler into numerous patients[ ] of a medication she alleges poses such a significant risk of BSE transmission that production halted because of that risk." *Id.* ¶ 42. Dr. Filler alleges further that the posting is "false" and "certain to cause fear in those patients who have been injected, their families and co-workers as well as causing fear in others considering visiting Dr. Filler for treatment." *Id.* Dr. Filler adds that he "has carried out injections in about 10,000 instances," which "could render thousands of persons as possibly infected with [BSE] . . . thus resulting in a major public health crisis." *Id.*

Dr. Filler alleges that Ms. Walker's posting occurred "on behalf of the United States" and "falls within the scope of her usual authorized duties and with the statutory authority" of a

---

[4] Page 337 of the exhibits to the amended complaint contains Ms. Walker's posting and is among the pages that Dr. Filler seeks to file under seal. *See* Dkt. No. 6. Yet, the amended complaint quotes the very language found in the posting. *See* Am. Compl. ¶ 49.

[5] According to the amended complaint, Ms. Walker "does not hedge on her position that she believed the entire text [of her posting was] true." Am. Compl. ¶ 67.

Federal Government official. *Id.* ¶ 48. He also alleges that the posting was intended "to serve the public purpose of protecting the United States population from infection by [BSE]." *Id.* Ms. Walker's posting allegedly "resulted in the taking of a substantial part of the value of the property interest of [Dr. Filler's] medical license," without due process, notice, or compensation. *Id.* ¶ 50. According to the amended complaint, "The sales value of businesses based on [Dr. Filler's] medical license was destroyed," and Ms. Walker's posting "has completely destroyed the market value of what were previously extremely valuable businesses." *Id.* The allegedly damaged businesses included: the Institute for Nerve Medicine; the Image Based Surgicenter; and the Neurography Institute. *Id.* Dr. Filler alleges damages "in an amount to be proven at trial but no less than [$10] million." *Id.* ¶ 130.

**2. Related Disputes And Litigation**

On May 31, 2011, Dr. Filler, both in an individual capacity and on behalf of several corporations with which he is affiliated, filed suit in California state court against Ms. Walker and 25 unnamed individuals, alleging claims of defamation and interference with prospective economic advantage. A1-A7.[6] In that complaint, Dr. Filler alleged that Ms. Walker "published on the Internet defamatory and untruthful statements" on numerous occasions – specifically, among other instances, the same January 31, 2011 posting on www.RunningForums.com that is the subject of the instant matter. A3-A4. Dr. Filler alleged further that he and his affiliated corporations were thus "deprived of business opportunities and additional income," and that they suffered damage to their "reputation and goodwill." A6-A7.

In response to that state court complaint, Ms. Walker filed a cross-complaint, alleging numerous claims against Dr. Filler and his affiliated corporations, relating to medical treatment

[6] Citations to "A_" refer to the appendix attached to our brief.

that she received from Dr. Filler. A8 (excerpt of amended cross-complaint). Ms. Walker and Dr. Filler (and his affiliated corporations) entered into a settlement agreement on September 12, 2012, regarding these and related disputes.[7] Am. Compl. ¶ 28. Dr. Filler now alleges that "the settlement agreement is currently in major breach," though he notes that "[n]o breach of contract action has been filed" pursuant to that alleged breach. *Id.* ¶ 29.

Additionally, on May 15, 2012, Dr. Filler filed an administrative claim with NOAA, claiming damages pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346. *Id.* ¶ 31; A9-A10; A11-A12 (amended claim).[8] According to Dr. Filler, that claim "is based on the same transaction and occurrence as the current matter before this Court" – *i.e.*, Ms. Walker's January 31, 2011 internet posting. Am. Compl. ¶ 31. In that claim, Dr. Filler sought $3 million in damages, as "publication of [the posting] has caused destruction of the doctor's business." A9, A11. Dr. Filler later notified NOAA of his intent to withdraw his claim, and NOAA accepted Dr. Filler's claim withdrawal. A13-A14. However, Dr. Filler e-mailed NOAA's counsel, claiming that the withdrawal was "fraudulently induced" and thus invalid. Am. Compl. ¶ 33; A15. In an April 4, 2013 letter, NOAA denied Dr. Filler's FTCA claim. Am. Compl. ¶ 33; A16.

## ARGUMENT

## I. Dr. Filler's Amended Complaint Should Be Dismissed For Lack Of Jurisdiction

### A. RCFC 12(b)(1) Standard Of Review

This Court possesses limited jurisdiction. *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997). The Tucker Act, 28 U.S.C. § 1491, grants jurisdiction to this Court "to render judgment upon any claim against the United States founded either upon the Constitution, or any

[7] This settlement agreement is the subject of Dr. Filler's August 27, 2013 motion for leave to file documents under seal. *See* Dkt. Nos. 13 & 15.

[8] Both the original and amended FTCA claims are dated May 14, 2012. *See* A9-A12.

Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." However, the Act is a waiver of sovereign immunity, and it must be strictly construed. *United States v. Mitchell*, 445 U.S. 535, 538 (1980).

A challenge to this Court's "general power to adjudicate in specific areas of substantive law . . . is properly raised by [a RCFC 12(b)(1)] motion." *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999). A RCFC 12(b)(1) motion to dismiss should be granted when, accepting the allegations in the complaint as true and drawing all inferences in favor of the plaintiff, it is evident that plaintiff is legally entitled to no relief. *Chapman Law Firm Co. v. Greenleaf Constr. Co.*, 490 F.3d 934, 938 (Fed. Cir. 2007). Plaintiff bears the burden to establish jurisdiction. *See McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). If this Court finds that it lacks subject matter jurisdiction, then it must dismiss plaintiff's claim. *Strategic Hous. Fin. Corp. v. United States*, 86 Fed. Cl. 518, 531 (2009). That plaintiff is proceeding *pro se* does not excuse or exempt him from meeting this Court's jurisdictional requirements. *See Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). When the absence of a viable claim appears upon the face of the complaint and is obviously not curable, summary dismissal conserves both the Court's and the litigant's resources. *Brown v. Strickler*, 422 F.2d 1000, 1002 (6th Cir. 1970).

### B. Dr. Filler Fails To Articulate Any Claim Within This Court's Jurisdiction

Even liberally construed, Dr. Filler's amended complaint should be dismissed for lack of jurisdiction. Dr. Filler's amended complaint is comprised of a single claim for inverse condemnation, which focuses exclusively upon a single alleged act by Ms. Walker – her January 31, 2011 online posting. As an initial matter, this Court lacks jurisdiction over claims against

individual Government officials.[9] *Brown*, 105 F.3d at 624.

Notwithstanding that Dr. Filler alleges a takings claim here, that claim in fact sounds in tort. By his own admission, Dr. Filler previously filed an FTCA claim that "is based on the same transaction and occurrence" as his takings claim. *See* Am. Compl. ¶ 31; A9-A12. This Court possesses jurisdiction to entertain claims arising under the Just Compensation Clause of the Fifth Amendment. *See Moden v. United States*, 404 F.3d 1335, 1341 (Fed. Cir. 2005). However, the Court's jurisdiction does not extend to takings claims based upon *unauthorized* Government actions. *See Rith Energy, Inc. v. United States*, 247 F.3d 1355, 1365 (Fed. Cir. 2001). Claims arising from the unauthorized actions of Federal officials are torts, and this Court lacks jurisdiction to hear tort claims.[10] *See* 28 U.S.C. § 1491(a); *Shearin v. United States*, 992 F.2d 1195, 1197 (Fed. Cir. 1993).

To distinguish between takings and torts, the Federal Circuit employs a two-part inquiry. *First*, a taking results only when the Government "intends to invade a protected property interest or the asserted invasion is the direct, natural, or probable result of an authorized activity and not the incidental or consequential injury inflicted by the action." *Ridge Line, Inc. v. United States*, 346 F.3d 1346, 1355 (Fed. Cir. 2003). *Second*, to constitute a taking, the alleged invasion "must appropriate a benefit to the [G]overnment at the expense of the property owner, or at least preempt the owner[']s right to enjoy his property for an extended period of time, *rather than merely inflict an injury that reduces its value*." *Id.* at 1356 (emphasis added).

Arguably, Dr. Filler satisfies the first *Ridge Line* prong for jurisdictional purposes. The

[9] Despite being captioned as a suit against the United States, the amended complaint refers to Ms. Walker as "Defendant Walker" on at least one occasion. *E.g.*, Am. Compl. ¶ 39.

[10] The FTCA grants jurisdiction to hear tort claims exclusively to Federal district courts. 28 U.S.C. § 1346(b)(1); *see Wood v. United States*, 961 F.2d 195, 197 (Fed. Cir. 1992).

amended complaint appears to allege that the Government, acting through Ms. Walker, intended to invade the property interest in Dr. Filler's medical license, *see* Am. Compl. ¶¶ 11-18, 46, 50. The amended complaint also alleges that Ms. Walker's posting "resulted in the taking of a substantial part of the value of [that] property interest," and that Dr. Filler suffered monetary damages as "a direct and proximate result" of the Government's actions. *See id.* ¶¶ 50, 130.

However, Dr. Filler fails the second *Ridge Line* prong. To be clear, the amended complaint alleges that Ms. Walker's posting intended "to serve the public purpose of protecting the United States population from infection by [BSE]." *Id.* ¶ 48. Nevertheless, this Court must "consider whether the [G]overnment's interference with any property rights . . . was substantial and frequent enough to rise to the level of a taking." *Ridge Line*, 346 F.3d at 1357. "Isolated invasions do not make a taking, but repeated invasions of the same type have often been held to result in an involuntary servitude." *Id.* (noting that one or two discrete instances of flooding caused by Government action did not amount to taking). Indeed, a Government-induced injury that is "not proved to be inevitably recurring occupies the category of consequential injury, or tort." *Barnes v. United States*, 538 F.2d 865, 870 (Ct. Cl. 1976). Here, Dr. Filler's entire claim rests upon *one* online posting on *one* website – hardly an example of "repeated" or "recurring" invasions. Moreover, notwithstanding his alleged monetary damages, Dr. Filler does not allege that Ms. Walker's posting has prompted concerns that his medical license (*i.e.*, the alleged property interest) may be revoked or that his right to practice medicine be otherwise jeopardized. In other words, Ms. Walker's posting has in no way "preempted" Dr. Filler's "right to enjoy his property for an extended period of time." *See Ridge Line*, 346 F.3d at 1356. Accordingly, Dr. Filler's claim alleges only that the Government has "merely inflict[ed] an injury that reduces [his property] value." *Id.*

Thus, the claim ultimately sounds in tort, not a taking. As this Court lacks jurisdiction to entertain tort claims, it should dismiss the amended complaint, pursuant to RCFC 12(b)(1).

## II. Dr. Filler's Amended Complaint Should Be Dismissed, Because It Fails To State A Claim Entitling Dr. Filler To Relief

### A. RCFC 12(b)(6) Standard Of Review

RCFC 12(b)(6) "authorizes dismissal of a complaint if, assuming the truth of all allegations, the complaint fails to state a claim upon which relief may be granted as a matter of law." *Gavin v. United States*, 47 Fed. Cl. 486, 489 (2000). In considering a RCFC 12(b)(6) motion, the Court must accept as true the complaint's undisputed factual allegations and should construe them in a light most favorable to plaintiff. *Gould, Inc. v. United States*, 935 F.2d 1271, 1274 (Fed. Cir. 1991); *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds*, *Harlow v. Fitzgerald*, 457 U.S. 800, 814-15 (1982). However, "[l]egal conclusions, deductions, or opinions couched as factual allegations are not given a presumption of truthfulness." *Blaze Constr., Inc. v. United States*, 27 Fed. Cl. 646, 650-51 (1993).

To survive a RCFC 12(b)(6) motion, a complaint must demonstrate sufficient "facial plausibility [that] allows the [C]ourt to draw the reasonable inference that the defendant is liable." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The plaintiff's factual allegations must "raise a right to relief above the speculative level" and "nudge[ ] [his] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *see, e.g.*, *Mauras v. United States*, 82 Fed. Cl. 295, 297 (2008). Once a claim for relief has been adequately stated, "it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563 (citations omitted).

### B. Dr. Filler's Takings Claim Fails, As A Matter Of Law, Because Dr. Filler Holds No Valid Property Interest In His Medical License

Dr. Filler's amended complaint is predicated upon a claim that Ms. Walker's January 31, 2011 online posting amounted to an inverse condemnation, in violation of the Fifth Amendment. Even assuming that this Court possesses jurisdiction to consider this claim, it nonetheless fails, as a matter of law, because Dr. Filler holds no valid property interest in his medical license.

The Fifth Amendment provides that "private property [shall not] be taken for public use, without just compensation." U.S. Const., Amend. V. However, "only persons with a valid property interest at the time of the [alleged] taking are entitled to compensation." *Wyatt v. United States*, 271 F.3d 1090, 1096 (Fed. Cir. 2001). To establish the existence of a valid, compensable property interest, one must demonstrate "a right to transfer and to exclude" that interest. *Webster v. United States*, 74 Fed. Cl. 439, 447 (2006) (citing *Members of Peanut Quota Holders Ass'n v. United States*, 421 F.3d 1323, 1331 (Fed. Cir. 2005)). If a plaintiff cannot prove that he held a protected property interest, his takings claim must fail. *Id.*

Here, Dr. Filler alleges that his medical license constitutes a valid, compensable property interest. *See* Am. Compl. ¶¶ 11-18. However, this Court has expressly held otherwise, as a medical license does not possess "the requisite traits of exclusivity and transferability." *See Webster*, 74 Fed. Cl. at 447. As this Court discussed in *Webster*, the Federal Government neither regulates nor restricts the number of medical licenses that each state issues. *Id.* Accordingly, medical licenses are "not exclusive by their very nature." *Id.* Also, a doctor lacks the right to sell, assign, or otherwise transfer his medical license, and a state possesses discretion to revoke that license. *Id.* (citing, *e.g.*, Cal. Bus. & Prof. Code § 2227 (authorizing revocation of medical licenses for disciplinary violations)). Indeed, licenses "are traditionally treated as not protected by the Takings Clause because they are created by the [G]overnment and can be cancelled by the

[G]overnment and normally are not transferable." *Am. Pelagic Fishing Co. v. United States*, 49 Fed. Cl. 36, 46 (2001), *rev'd on other grounds*, 379 F.3d 1363, 1372-74 (Fed. Cir. 2004).

Dr. Filler cites several cases for the proposition that a medical license constitutes a compensable property interest. *See* Am. Compl. ¶ 11; *e.g., Gallo v. U.S. Dist. Ct.*, 349 F.3d 1169, 1179 (9th Cir. 2003). However, even putting aside that none arises from the Federal Circuit,[11] these cases are inapposite. Each of these cases discussed the protections afforded to medical licensees when an attempt is made to revoke that license. *E.g.*, *Gallo*, 349 F.3d at 1178-79. These cases do *not* discuss the "valid, compensable property interest" involved in determining whether a *taking* has occurred, and whether the licensee is entitled to compensation as a result. Indeed, the "property interest" discussed in these cases is *not* defined as one in which a licensee has "a right to transfer and to exclude" – but, rather, in which "a person clearly must have more than an abstract need or desire for it" and has "a legitimate claim of entitlement to it." *Compare Webster,* 74 Fed. Cl. at 447, *with Gallo*, 349 F.3d at 1178-79. Thus, these cases have no bearing on whether Dr. Filler has a valid property interest for purposes of his takings claim.

Notwithstanding his cited cases, Dr. Filler appears to acknowledge that transferability is a key component of a compensable property interest. He contends that his medical license is transferable "because it can also be used as the basis for forming a medical corporation and . . . can be a critically valuable component of a business that is bought and sold by other physicians." Am. Compl. ¶ 15. However, that argument speaks only to the transferability of *businesses* comprised of physicians – not to the transferability of the *licenses* authorizing those physicians to practice medicine. Moreover, this argument does nothing to contradict this Court's reasoning in *Webster* that a medical license is not transferable for takings purposes. *See* 74 Fed. Cl. at 447.

[11] Dr. Filler cites only one case arising out of this Court – *Agee v. United States*, 72 Fed. Cl. 284, 288 n.6 (2006) – which, as he notes, declined to rule on this issue. Am. Compl. ¶ 12.

Finally, Dr. Filler cites *United States v. 760.807 Acres of Land*, 731 F.2d 1443, 1447 (9th Cir. 1984), for the proposition that if a "taking by fear" has occurred, as he alleges, then any "diminution in value" of property resulting from that taking is "recoverable as part of just compensation." *See* Am. Compl. ¶¶ 13, 18. However, this argument does not establish that Dr. Filler's medical license is a compensable property interest; rather, it *presupposes* that fact. Indeed, in citing *760.807 Acres of Land*, Dr. Filler attempts to equate his *medical license* with his *businesses* for purposes of this Court's takings analysis. *See id.* ¶¶ 14, 18. Not only does Dr. Filler offer no support for this proposition (other than his self-serving allegations), but if he is correct, then that would vitiate any need to identify a compensable property interest before presenting a viable takings claim.

Accordingly, consistent with *Webster*, Dr. Filler's medical license is not a valid, compensable property interest for purposes of his takings claim. *See* 74 Fed. Cl. at 447. Without such an interest, Dr. Filler's takings claim fails, as a matter of law – and this Court should dismiss the amended complaint, pursuant to RCFC 12(b)(6).

**CONCLUSION**

For the foregoing reasons, defendant respectfully requests that the Court dismiss Dr. Filler's amended complaint.

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

/s/ Daniel G. Kim
DANIEL G. KIM
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, DC 20044
Tel: (202) 616-9322
Fax: (202) 307-0972

Attorneys for Defendant

OF COUNSEL:

MICHAEL BOGOMOLNY
Office of General Counsel
U.S. Department of Commerce
1401 Constitution Avenue NW
Washington, DC 20230

Dated: September 9, 2013

**APPENDIX**

**TABLE OF CONTENTS**

Page(s)

Complaint (Cal. Super. Ct., filed May 31, 2011) .......... A1-A7

Excerpt, Amended Cross-Complaint (Cal. Super. Ct., filed May 10, 2012) .......... A8

Standard Form 95, Claim For Damage, Injury, Or Death (dated May 14, 2012) .......... A9-A10

Standard Form 95 (amended) (dated May 14, 2012) .......... A11-A12

Letter from A. Filler to L. Schiffer & M. Bogomolny (dated Feb. 22, 2013) .......... A13

Letter from M. Bogomolny to A. Filler (dated Mar. 20, 2013) .......... A14

E-mail from A. Filler to M. Bogomolny (dated Mar. 31, 2013) .......... A15

Letter from M. Rose to A. Filler (dated Apr. 4, 2013) .......... A16

CONFORMED COPY OF ORIGINAL FILED
Los Angeles Superior Court

MAY 31 2011

John A. Clarke, Executive Officer/Clerk
By SHAUNYA WESLEY, Deputy

**Aaron P. Morris, Esq. (SBN 130727)**
**Deanna Stone Killeen, Esq. (SBN 252053)**
**MORRIS & STONE, LLP**
**17852 E. 17th St., Suite 201**
**Tustin, CA 92780**
**Tel: (714) 954-0700**
**Morris@TopLawFirm.com**
**Stone@TopLawFirm.com**

Attorneys for Plaintiffs
Aaron Filler, MD, PhD; Aaron Filler, MD, PhD, APC; Image Based Surgicenter Corporation; Neurography Institute Medical Associates

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF LOS ANGELES**

AARON FILLER, MD, PHD, an individual; AARON FILLER, MD, PHD, APC, a California Professional Corporation; IMAGE BASED SURGICENTER CORPORATION, a California Corporation; and NEUROGRAPHY INSTITUTE MEDICAL ASSOCIATES, a California Professional Corporation,

Plaintiffs,

vs.

SUSAN H. WALKER, an individual; DOES 1 through 25, inclusive,

Defendants.

CASE NO. BC462605

Assigned for all purposes to:

**COMPLAINT FOR:**

1. **DEFAMATION**
2. **INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

Plaintiffs AARON FILLER, MD, PHD, an individual; AARON FILLER, MD, PHD, APC, a California professional corporation; IMAGE BASED SURGICENTER CORPORATION, a California corporation; and NEUROGRAPHY INSTITUTE MEDICAL ASSOCIATES, a California professional corporation, allege as follows against Defendants SUSAN H. WALKER, an individual, and DOES 1 through 25, inclusive:

**GENERAL ALLEGATIONS**

1. At all times alleged herein, Plaintiff AARON FILLER, M.D., PhD (hereinafter, "DR. FILLER"), was an individual residing in the County of Los Angeles.

2 At all times alleged herein Plaintiff AARON FILLER, MD, PhD, APC, doing business as Institute for Nerve Medicine (hereinafter, "INM") was a professional corporation organized and existing under the laws of the State of California, and is and was qualified to do business in California, with its principal place of business at 2716 Ocean Park Blvd. Suite 3082, Santa Monica, CA 90405.

3. At all times alleged herein Plaintiff IMAGE BASED SURGICENTER CORPORATION ("IBSC") was a corporation organized and existing under the laws of the State of California, and is and was qualified to do business in California, with its principal place of business at 2716 Ocean Park Blvd. Suite 1007, Santa Monica, CA 90405.

4. At all times alleged herein Plaintiff NEUROGRAPHY INSTITUTE MEDICAL ASSOCIATES ("NIMA"), was a California professional corporation organized and existing under the laws of the State of California, and is and was qualified to do business in California, with its principal place of business at 2716 Ocean Park Blvd. Suite 3075, Santa Monica, CA 90405.

5. Plaintiffs are ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein as DOES 1 through 25 inclusive, and therefore, sues said Defendants by such fictitious names. Plaintiffs allege that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and proximately caused Plaintiffs' damages. Plaintiffs will amend this Complaint to allege the true names and capacities of DOES 1-25 when the same have been ascertained.

6. Moreover, at all times herein mentioned, Defendants confirm, conspire to, consent to, affirm, direct, authorize, acknowledge, and ratify the acts of each and every of the Defendants herein as to each of the acts hereinafter alleged.

///

**FIRST CAUSE OF ACTION**

**(Defamation – All Plaintiffs Against All Defendants)**

7. Plaintiffs incorporate by reference as though set forth in full Paragraphs 1 through 6 of the General Allegations.

8. Plaintiff DR. FILLER, operating professionally in the County of Los Angeles, State of California, has enjoyed a good reputation both generally and in his profession as a neurosurgeon.

9. Plaintiff INM, with its principal place of business in the County of Los Angeles, State of California, has enjoyed a good reputation both generally and as a professional medical corporation providing neurosurgical services.

10. Plaintiff IBSC, with its principal place of business in the County of Los Angeles, State of California, has enjoyed a good reputation both generally and as a provider of surgicenter facility services.

11. Plaintiff NIMA, with its principal place of business in the County of Los Angeles, State of California, has enjoyed a good reputation both generally and as a provider of radiology services.

12. Commencing in September of 2010 and thereafter through the present date, Defendant SUSAN H. WALKER ("WALKER") and DOES 1 to 25 have published on the Internet defamatory and untruthful statements about the Plaintiffs, apparently attempting to use this campaign of defamation to damage the reputation of the Plaintiffs. The defamatory statements were directed at and concern Plaintiffs, all of whom reside and are doing business in the County of Los Angeles, State of California, making venue and jurisdiction proper before this court. WALKER, individually or with the assistance of DOES 1 to 25, published her false, defamatory and damaging statements on a number of websites, including but not limited to the following:

(1) Stating falsely that information she has seen suggested Dr Filler posed an unusually high risk of death to patients: "Now imagine how many more cases went to arbitration.

Imagine how many more cases are located at other court houses (this list is two years dated). Malpractice 8/12/2003, Malpractice 5/16/2005, Malpractice 4/3/1998, Malpractice 3/10/1997, Malpractice 11/14/1996, …Again, my purpose in writing this is to attempt to save another patient from what I am going through. You would not wish this on your worst enemy. If Dr. Filler reads this, I would hope it would cause him to reflect on his practice, and change his incredibly arrogant attitude before he kills someone (assuming he hasn't already)." (9/20/2010 – RunningForums.com).

(2) Asserting fraud: "I was billed for one procedure that was never conducted." (4/3/11 RateMDs.com);

(3) Suggesting fraud: "… their fraud unit is investigating. State Farm, Sue Walker, check it out. Louise has had direct communication from them (Sam Gonzales, SF) regarding their ongoing review." (10/19/10 RateMDs.com);

(4) Asserting fraud: "There is a current fraud investigation underway, Louise was informed of this in early September and I confirmed it with State Farm yesterday. (2/18/11 RateMDs.com)"

(5) "Dr. Filler and his staff are the aggressive, irresponsible, libelous thieves - not me. (10/13/10 RateMDS.com)"

(6) Stating falsely that Dr. Filler is intentionally injecting patients with a material known to cause a slow painful unpreventable death in every patient so exposed. "Wydase is no longer manufactured and has not been manufactured in at least seven years, so I'm not sure why Filler refers to the use of Wydase, and given the remote risk of CSE transmission that it poses, injecting it directly adjacent to a nerve does not seem advised. (1/31/11 RunningForums)"

(7) Stating falsely that she has seen information documenting that Dr. Filler's surgery has resulted in severing nerves – which causes immediate permanent paralysis – even though Dr. Filler has never severed a nerve: "Look at the doctor-rating sites and see how Dr. Filler is rated by patients. You will see a lot of what is on this board, glowing reviews, and glowering criticism, mostly based on money and bad office staff experiences, many also though on failed surgeries

and cases where Filler's treatment resulted in severing nerves and worse outcomes. (9/18/10 RunningForums)"

(8) Stating falsely that the IBSC offers procedures that don't work even though there is a greater than 95% diagnostic success rate and even though her procedures were a success: "1.5 hours in the "Image-based Surgi-Center." Not bad. Too bad it didn't work" (3/28/11 RateMDs.com – 673 thread)

(9) Stating falsely that INM and IBSC have unconscionable fees, incompetent staff and inaccurate billing: "I expect to be similarly "taken care of" for the balances for the "Institute of Nerve Medicine" and the "Image Based Surgery Center." But I will continue to get the word out about his unconscionable fees and incompetent and rude billing staff. I have YET to get an accurate billing that I can use to appeal to insurance" (10/15/10 RunningForums.com, thread 157)

(10) Making statements on a page about the Neurography Institute suggesting that this facility will charge tens of thousands of dollars for an MR Neurography scan and that it is disreputable: "Be forewarned, Dr. Filler is outrageously expensive. I saw him for an exam, two MRNs, and MRI injections in my neck and hip. Total time: less than three hours. Total cost: $53,000. I believe he is a very skilled neurosurgeon, but I see no need for him to charge such outrageous fees. And his office staff made serious errors in billing, do not return multiple phone messages – but they are very quick to send out their erroneous bills, repeatedly, and threaten collections actions." (11/6/2010 on "nervepain.tv/ Magnetic Resonance Neurography: Dr. Aaron Filler")

13. Each of the statements were false as they pertain to Plaintiffs.

14. The statements published by Defendants, and each of them, are defamatory on their face because they (1) charge Plaintiffs with improper, illegal, and immoral conduct; (2) subject Plaintiffs to hatred, contempt, ridicule and obloquy, and; (3) injure Plaintiffs in their trade and business by imputing to them a lack of integrity, professionalism and honesty, and have a natural tendency to lessen their ability to conduct business in the medical field.

15. As a proximate result of the above-described publications, Plaintiffs have suffered a loss of reputation, and have or will be exposed to hatred, contempt, ridicule or obloquy, all to their general damage, in an amount that is not presently know with precision, but which exceeds the jurisdictional minimum of this court. The defamatory statements have injured Plaintiffs in their business and/or occupation.

16. As a further proximate result, it is also alleged that Plaintiffs have suffered special damages from loss of business in an amount to be determined at time of trial.

17. The above-described publications were published by Defendant, and each of them, with malice in that they knew said misstatements of fact were false and they made said publications with the specific intent to injure Plaintiffs' positions as medical practitioners. Such conduct justifies the award of punitive damages.

**SECOND CAUSE OF ACTION**

**(Interference with Prospective Economic Advantage –**

**All Plaintiffs Against All Defendants)**

18. Plaintiffs refer to paragraphs 1 through 17 of this complaint and incorporates them by this reference as though fully set forth herein.

19. Plaintiffs have each enjoyed a profitable business and goodwill. Defendants, and each of them, conspired with one another to interfere with Plaintiffs' prospective economic advantage by sullying their names and consequently their business reputations in the medical field.

20. In furtherance of this conspiracy, Defendants, and each of them, committed wrongful acts, including without limitation, making the aforesaid false and defamatory statements attributing unethical, illegal, immoral, unprofessional and dishonest conduct to Plaintiffs.

21. By virtue of the false statements, Plaintiffs are informed and believe and thereupon allege that each of them have been deprived of business opportunities and additional income.

Niloo Savis, Esq. (SBN 186809)
SAVIS LAW
1901 Avenue of the Stars, Suite 200
Los Angeles, CA 90067
Tel: (310) 461-1560
Fax: (310) 734-1525

Attorneys for Defendant Susan Walker

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAY 10 2012

John A. Clarke, Executive Officer/Clerk
BY Nancy Alvarez, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

AARON FILLER, M.D., NEUROGRAHY INSTITUTE MEDICAL ASSOCIATES, INC.; IMAGE-BASED SURGICENTER CORPORATION; INSTITUTE FOR NERVE MEDICINE MEDICAL GROUP, INC.

Plaintiff,

v.

SUSAN WALKER, an individual; and DOES 1 to 10,

Defendants.

SUSAN WALKER, an individual;

Cross-complainant and Defendant,

v.

AARON FILLER, M.D., PHD, APC, a California doing business as Institute for Nerve Medicine Medical Associates, a California corporation; INSTITUTE FOR NERVE MEDICINE MEDICAL GROUP, INC., a California corporation; IMAGE-BASED SURGICENTER CORPORATION, a California corporation; NEUROGRAHY INSTITUTE MEDICAL ASSOCIATES, INC., a California corporation; and ROES 1 to 50;

Cross-Defendants and Plaintiffs

CASE NO. BC 459485

**FIRST AMENDED CROSS-COMPLAINT BY SUSAN WALKER FOR:**

**1. Breach of Contract**

**2. Intentional Infliction of Emotional Distress**

**3. Negligent Infliction of Emotional Distress**

**4. Accounting**

**5. Fraud – Suppression of Fact**

**6. Fraud**

**7. Negligent Misrepresentation**

**8. Unfair Business Practices**

**9. Violation of CMIA (Civil Code §56 *et seq*)**

**10. Invasion of Privacy**

Trial Date: November 5, 2011
Dept: 48

**DEMAND FOR JURY TRIAL**

**CLAIM FOR DAMAGE, INJURY, OR DEATH**

**INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROVED OMB NO. 1105-0008

1. Submit to Appropriate Federal Agency

National Oceanic and Atmospheric Administration

2. Name, address of claimant, and claimant's personal representative if any (See instructions on reverse). Number, Street, City, State and Zip code

Aaron G. Filler, MD, PhD, FRCS
Institute for Nerve Medicine
2716 Ocean Park Blvd. #3082
Santa Monica, CA 90405

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | [redacted]/1956 | Married | 01/31/2011 Monday | 7:43 pm |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

A government biologist carried out research and then, based on that research, on 1/31/11 published on the internet a negligent finding. This finding was that I had engaged in the distribution of deadly mad cow disease prions by injecting them into numerous people. The biologist is Susan H. Walker, employed by the National Oceanic and Atmospheric Administration as a Regional Director based in Juneau, Alaska. The publication on the internet is still present after 16 months. Susan H. Walker has stated in court documents that this was not an intentional tort of defamation. It was a finding of fact - but negligently wrong

9. **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code)

NONE

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED (See instructions on reverse side)

The publication of this negligent finding has caused destruction of the doctor's business as patients avoid him to avoid infection.

10. **PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT

NONE

11. **WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Negligent Damaging Item | http://www.runnersforum.com/piriformis surgery anyone???<br>posted 1-31-11 at 15:43 EDT (11:43 am in Juneau, Alaska) |

12. (See instructions on reverse) **AMOUNT OF CLAIM** (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights) |
|---|---|---|---|
| 3,000,000 | 0.00 | 0.00 | 3,000,000 |

**I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.**

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side) | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| [signature] | [redacted] | 05/14/2012 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729) | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable
95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance? [X] Yes If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. [ ] No

USAA- 9800 Fredericksburg Rd., San Antonio, TX 78288 Policy number: [redacted]
RLI Personal Umbrella Insurance - 9025 North LIndbergh Drive, Peoria IL 61615 Policy number: [redacted]

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? [ ] Yes [X] No

No. This is not a covered type of damage under any insurance policy that I have.

17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

No claim filed. No coverage for loss of business due to negligent reporting by government official of supposed mass attempted murder.

19. Do you carry public liability and property damage insurance? [X] Yes If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). [ ] No

USAA- 9800 Fredericksburg Rd.
San Antonio, TX 78288
Policy number: [redacted]

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the *Privacy Act*, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority*: The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose*: The information requested is to be used in evaluating claims.

C. *Routine Use*: See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond*: Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

**STANDARD FORM 95** REV. (2/2007) **BACK**

# CLAIM FOR DAMAGE, INJURY, OR DEATH

**INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROVED OMB NO. 1105-0008

| 1. Submit to Appropriate Federal Agency | 2. Name, address of claimant, and claimant's personal representative if any (See instructions on reverse). Number, Street, City, State and Zip code |
|---|---|
| National Oceanic and Atmospheric Administration | Aaron G. Filler, MD, PhD, FRCS<br>Institute for Nerve Medicine<br>2716 Ocean Park Blvd. #3082<br>Santa Monica, CA 90405 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | [redacted]/1956 | Married | 01/31/2011 Monday | 11:43 am |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

A government biologist carried out research and then, based on that research, on 1/31/11 published on the internet a negligent finding. This finding was that I had engaged in the distribution of deadly mad cow disease prions by injecting them into numerous people. The biologist is Susan H. Walker, employed by the National Oceanic and Atmospheric Administration as a Regional Director based in Juneau, Alaska. The publication on the internet is still present after 16 months. Susan H. Walker has stated in court documents that this was not an intentional tort of defamation. It was a finding of fact - but negligently wrong.

9. **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code)

NONE

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED (See instructions on reverse side)

The publication of this negligent finding has caused destruction of the doctor's business as patients avoid him to avoid infection. A government computer was used during work hours - 11:43am (employee later changed posted time to 7:43 pm to cover up)

10. **PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

NONE

11. **WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Negligent Damaging Item | http://www.runnersforum.com/piriformis surgery anyone???<br>posted 1-31-11 at 15:43 EDT (11:43 am in Juneau, Alaska) |

12. (See instructions on reverse) **AMOUNT OF CLAIM** (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| 3,000,000 | 0.00 | 0.00 | 3,000,000 |

**I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.**

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side) | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| [signature] | [redacted] | 05/14/2012 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable
95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

**INSURANCE COVERAGE**

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident Insurance? [X] Yes If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. [ ] No

USAA- 9800 Fredericksburg Rd., San Antonio, TX 78288 Policy number: [redacted]
RLI Personal Umbrella Insurance - 9025 North Lindbergh Drive, Peoria IL 61615 Policy number: [redacted]

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? [ ] Yes [X] No

No. This is not a covered type of damage under any insurance policy that I have.

17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)

No claim filed. No coverage for loss of business due to negligent reporting by government official of supposed mass attempted murder.

19. Do you carry public liability and property damage insurance? [X] Yes If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). [ ] No

USAA- 9800 Fredericksburg Rd.
San Antonio, TX 78288
Policy number: [redacted]

**INSTRUCTIONS**

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

**PRIVACY ACT NOTICE**

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

**PAPERWORK REDUCTION ACT NOTICE**

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

**STANDARD FORM 95** REV. (2/2007) **BACK**

**Institute for Nerve Medicine**
Medical Associates Inc

*2716 Ocean Park Blvd.*
*Suite 3082*
*Santa Monica, CA 90405*

Phone: [redacted]
Fax: [redacted]
[redacted]@nervemed.com

February 22, 2013

Lois J. Schiffer, Esq
Michal Bogomolny, Esq
National Oceanic and Atmospheric Administration
Office of the General Counsel - Headquarters
Herbert C. Hoover Building
14th and Constitution Ave, NW
Washington, DC 20230

To Whom It May Concern:
February 22, 2013

On or about May 31, 2012, I, Aaron G. Filler, M.D., Ph.D., as Medical Director of the Institute for Nerve Medicine, initiated a claim against the National Oceanic and Atmospheric Administration ("NOAA") under the Federal Tort Claims Act by submitting a Standard Form 95 claim. A copy of my claim is enclosed for your convenience. My claim was based on certain postings allegedly made on a website by Susan Walker, an employee of the National Marine Fisheries Service, on the website: www.RunningForums.com.

This letter is to make a written request that my claim against NOAA be completely withdrawn. I hereby retract any claim for damages based on alleged wrongdoing by Ms. Walker as an agent of NOAA and will not be pursuing this claim in any manner.

Thank you for your attention to this matter.

Sincerely,

Aaron Filler, M.D., Ph.D.
Institute for Nerve Medicine, Director
cc: Susan Walker (via US mail)
Joan Maginnis, Esq. (via U.S. mail)
Department of Commerce General Counsel
General Litigation Division

Sincerely,

Aaron Filler, MD, PhD
Director, Institute for Nerve Medicine



**UNITED STATES DEPARTMENT OF COMMERCE**
**Office of the Assistant General Counsel for Finance and Litigation**
Washington, DC 20230

March 20, 2013

Dr. Aaron Filler
Institute for Nerve Medicine
2716 Ocean Park Blvd. Suite 3082
Santa Monica, CA 90405

*Via Email and Certified Mail*

Re: FTCA Claim of Aaron G. Filler

Dear Mr. Filler,

On or around May 14, 2012, we received your claim pursuant to the Federal Tort Claims Act seeking $3 million for injury caused by the publication of a statement on a discussion board at runnersworld.com. The claim was amended on May 30, 2012.

On or around March 4, 2013, we received a letter from you dated February 22, 2013, withdrawing your claim. We accept your withdrawal of the claim, and will close our administrative proceedings without further action.

If you have any questions, you may email me at mbogomolny@doc.gov or telephone me at 202-482-0703.

Sincerely,

Michael Bogomolny
General Attorney
General Litigation Division

**From:** Aaron Filler <[redacted]@earthlink.net>
**Sent:** Sunday, March 31, 2013 6:26 PM
**To:** Bogomolny, Michael
**Subject:** Re: withdrawal of FTCA claim

Mr. Bogomolny,

My withdrawal of the claim appears to have been fraudulently induced.

The Department of Commerce, through its employee Susan Walker, obtained the release from me by agreeing to take down or make efforts to take down the offending comments.

However, the thirty days have elapsed from the agreement date and no take down occurred and your employee's counsel Niloo Savis admits no efforts were made.

Particularly in the light of the recent Tulsa dentist event (http://www.cnn.com/2013/03/29/health/oklahoma-dental-warning/index.html) you can see how serious accusations of injecting outdated infectious material are taken.

The withdrawal letter I sent you will be invalid unless the fraud on your side used to obtain it can be resolved.

I do not consider the case closed at this time.

--

Aaron G. Filler, MD, PhD
Medical Director, Institute for Nerve Medicine

This email transmission and the documents accompanying this email transmission contain information belonging to the sender the intended recipient which is legally privileged, confidential, and exempt from disclosure under applicable laws. The information is intended only for the viewing and use of the individual or entity to which it is addressed. If you are not the recipient, or the employee or the agent responsible for delivering the email to the intended recipient, you are hereby notified that the disclosure, copying, distribution or the taking of any action in the reliance of the contents of this emailed information is strictly prohibited. If you have received this email in error, please immediately notify the sender via telephone to arrange for the return of the original documents.

**From:** "Bogomolny, Michael" <MBogomolny@doc.gov>
**Date:** Wednesday, March 20, 2013 12:53 PM
**To:** Aaron Filler [redacted]@earthlink.net>
**Subject:** withdrawal of FTCA claim

Mr. Filler,

Attached, please find a copy of a letter sent today by certified mail.

If you have any questions, please do not hesitate to contact me.

Sincerely,
Michael Bogomolny

--

**Michael Bogomolny**
Office of General Counsel
United States Department of Commerce
w: (202) 482-0703 c: (202) 725-8924

Confidentiality Notice: This e-mail message is intended only for the named recipients. It contains information that may be confidential, privileged, attorney work product, or otherwise exempt from disclosure under applicable law. If you have received this message in error, are not a named recipient, or are not the employee or agent responsible for




**UNITED STATES DEPARTMENT OF COMMERCE**
**Office of the Assistant General Counsel for Finance and Litigation**
Washington, DC 20230

April 04, 2013

Dr. Aaron Filler
Institute for Nerve Medicine
2716 Ocean Park Blvd. Suite 3082
Santa Monica, CA 90405

*Via Email and Certified Mail*

Re: FTCA Claim of Aaron G. Filler

Dear Dr. Filler,

On or around May 14, 2012, we received your claim pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-80, seeking $3 million for injury caused by the publication of a statement on a discussion board at runnersworld.com. The claim was amended on May 30, 2012.

We have considered your amended administrative claim and have determined that the United States is not liable for the claims alleged. We therefore must deny your claim. I am required by 28 C.F.R. § 14.9(a) to inform you that if you are dissatisfied with this determination you may file suit in an appropriate U.S. District Court not later than six months after the date of mailing of this notification of denial. See 28 U.S.C. § 2401 (b).

If you have any questions, you may contact Michael Bogomolny in my division at mbogomolny@doc.gov or 202-482-0703.

Sincerely,

Megan L. Rose
Chief, General Litigation Division

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify under penalty of perjury that on September 9, 2013, I served via e-mail, a copy of "DEFENDANT'S MOTION TO DISMISS *PRO SE* COMPLAINT," to plaintiff, Aaron G. Filler, pursuant to RCFC 5(b)(2)(E).